UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DERRICK KING,                                                          CASE NO.:

              Plaintiff,

vs

DERYL LOAR, individually and in his
official capacity as Sheriff of Indian River
County, BRYAN BALLASH, individually
and in his official capacity with the Indian
River County Sheriff's Department,

              Defendants.

_____/

## NOTICE OF REMOVAL

The Defendant, DERYL LOAR, through undersigned counsel, pursuant to Title 28

U.S.C. §1441, hereby files this Notice of Removal of the case styled Derrick King. v. Deryl

Loar, et al., Case No. 2020-CA-000223, which was filed in the Circuit Court of the Nineteenth

Judicial Circuit, in and for Indian River County, Florida. As grounds for this removal, Defendant

Loar states the following:

1.      On April 1, 2020, the Plaintiff filed a Complaint naming as Defendants Deryl

Loar and Bryan Ballash, in their official and individual capacity. The Complaint asserts the

following claims: Count I - Excessive Force pursuant to 42 USC §1983 (Ballash); Count II –

Negligent Hiring, Training & Supervision pursuant to 42 USC §1983 (Sheriff); Count III –

Battery pursuant to 42 USC §1983 (Ballash). (See Complaint).

2.      The Complaint was improperly served on Board of County Commissioners on

July 24, 2020. On August 18, 2020, Plaintiff filed a motion for clerks' default as to each

Defendant. Undersigned counsel's law firm entered a limited notice of appearance solely to

Page 1 of 4

address the default issue. A response to the Plaintiff's motions was then filed arguing that service was not proper.

3.      On September 29, 2020, Plaintiff filed a Notice withdrawing his motions for default. That same day, the Defendant Sheriff formally waived service and undersigned counsel accepted service on Defendant Loar's behalf. Defendant Ballash has not been served as of this date.

4.      This is an action which may properly be removed to this Court pursuant to 28 U.S.C. § 1441. That provision states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5.      The Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) because Plaintiff asserts claims that arise under the federal laws of the United States, namely 42 U.S.C. § 1983, and seeks redress for alleged deprivations, under color of state law, of rights secured by the Constitution. Thus, the case is removable pursuant to 28 U.S.C. § 1441(a).

6.      Pursuant to 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). In the event that one of the Counts in the Complaint is brought pursuant to state law, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same factual circumstances that form the basis for the federal claims and are so related to the claim under which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. Accordingly, Defendant Loar requests that this Court accept supplemental jurisdiction as to the state law claims set forth in the Complaint.

7.      When a civil action is removed solely under 28 U.S.C. § 1441(a), all defendants who have been served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). As of today's date, Bryan Ballash has not been served.

8.      Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely, being filed within thirty (30) days of proper service of the Complaint upon Defendant Loar.

9.      Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b) copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court are being filed contemporaneously herewith. (Composite Exhibit "1").

10.     Venue is proper in the Fort Pierce Division of the Southern District of Florida pursuant to Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, as the case is being removed from the Nineteenth Judicial Circuit in and for Indian River County, Florida. See also 28 U.S.C. 1441(a) and 1446(a).

11.     Concurrent with the filing of this Notice of Removal with this Court, the Defendant will provide Notice of Removal to the Plaintiff, through the attorney of record in the state Circuit Court action, as required by 28 U.S.C. §1446(d), as well as Notice to the Clerk of Court in and for the Nineteenth Judicial Circuit Court for Indian River County, State of Florida.

12.     A Civil Cover Sheet is attached hereto. (Exhibit 2).

WHEREFORE, Defendant Loar requests that this action be removed to this Court, and

that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the court's electronic filing system, which will send a notice of electronic filing to: **JEFFREY A. FADLEY, ESQUIRE**, 180 N.W. 3rd Avenue, Suite "A", Okeechobee, Florida 34972 [eservicefilings@fadleylaw.com, rosanna@fadleylaw.com] this **6th** day of October, 2020.

PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
Attorneys for Defendant Sheriff
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
E-mail: Christy@purdylaw.com


BY:     */s/ Christy M. Imparato*
        CHRISTY M. IMPARATO
        Fla. Bar No. 0084631